M3STJORC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

        v.                                    21 CR 423 (JPC)
                                                       Remote proceeding

DILLON JORDAN,

               Defendant.

------------------------------x

                                       New York, N.Y.
                                       March 28, 2022
                                       11:00 a.m.

Before:

                     HON. JOHN P. CRONAN,

                                       District Judge

             APPEARANCES (Via videoconference)

DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York
CECILIA VOGEL
    Assistant United States Attorney

MEISTER SEELIG & FEIN
    Attorneys for Defendant
HENRY MAZUREK
ILANA HARAMATI

1              (Via videoconference, case called)

2              DEPUTY CLERK:  Counsel, beginning with the government,
3    please state your name for the record.

4              MS. VOGEL:  Good morning, this is Cecilia Vogel for
5    the government.

6              THE COURT:  Good morning, Ms. Vogel.

7              MR. MAZUREK:  Good morning, Judge, this is Henry
8    Mazurek, at my side is Ilana Haramati, on behalf of Dillon
9    Jordan, who is appearing by video.

10             THE COURT:  Good morning, Mr. Mazurek and Ms. Haramati
11   and Mr. Jordan.

12             We're here this morning virtually for a status
13   conference.  Our last appearance I believe was back for
14   Mr. Jordan's initial appearance before me for his arraignment
15   and his first pretrial conference, which was back on July 29,
16   2021.

17             I'm conducting this proceeding remotely by Microsoft
18   Teams.  We also have a telephone line for this conference.
19   That line is open to the public and the press on a listen-only
20   basis.  I remind anyone who may be joining that the Court
21   prohibits recording and rebroadcasting of Court conferences,
22   including this one, and violations could result in sanctions.

23             I also note that on video I can see all the parties.
24   I can see Ms. Vogel, Mr. Mazurek, Ms. Haramati and Mr. Jordan.

25             And Mr. Jordan, that is you, is that correct?

1              (Pause)

2              THE COURT:  Mr. Jordan I think is on mute, but I think
3     he just said:  Yes, your Honor.

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  The pandemic has helped me be able to read
6     lips sometimes when people are on mute.

7              Let me also check if the reporter can hear me okay.
8     Mr. McDaniel, can you hear me okay?

9              COURT REPORTER:  Good morning, your Honor, this is
10    Michael McDaniel, the court reporter, and I can hear you just
11    fine.

12             THE COURT:  If at any point during today's proceedings
13    any of the parties, and especially the reporter, has any
14    difficulty hearing anyone, please chime in and we'll correct
15    any issues.

16             The first order of business is to confirm whether
17    Mr. Jordan knowingly and voluntarily waives his right to be in
18    court for today's proceeding, to actually be here in person,
19    and to participate by video.

20             As the parties are, of course, aware, while conditions
21    have been improving, we remain in the midst of the Covid-19
22    pandemic.  I'm conducting this proceeding by video pursuant to
23    the authority of Section 15002 of the CARES Act as well as the
24    standing orders that have been issued by the current and former
25    chief judge of this district pursuant to the CARES Act.

1    Ms. Vogel, assuming that Mr. Jordan consents to
2  proceeding remotely, which I will turn to in a moment, is it
3  the government's view that today's conference can occur by
4  video consistent with those standing orders, the CARES Act, the
5  Federal Rules of Criminal Procedure and the U.S. Constitution?
6    MS. VOGEL:  Yes, your Honor.
7    THE COURT:  I have received from Mr. Mazurek what
8  appears to be a consent form for Mr. Jordan.  The form has the
9  caption of this case, United States v. Dillon Jordan, with the
10  docket number, and reads that Mr. Jordan consents to
11  videoconference or teleconference for a conference before a
12  judicial officer, and I will try to hold that up now.
13    Let me ask defense counsel first, is that correct, is
14  that your signature on the form and your client's signature?
15    MR. MAZUREK:  It is, your Honor.
16    THE COURT:  And can you tell me how you discussed this
17  waiver with Mr. Jordan and whether you believe, based on that
18  discussion, he understands his right to be physically present
19  in court today and waives that right?
20    MR. MAZUREK:  Yes, your Honor, we discussed that he
21  has the right to be physically present and that under the
22  current conditions of the national pandemic there are
23  provisions under law that permit us to proceed by video.  He
24  appears to understand that and voluntarily consented to waive
25  his physical appearance given the current conditions under the

1  pandemic.
2              THE COURT:  And Mr. Jordan, let me briefly turn to
3  you.  Do you understand that you have the right to be
4  physically present in court today for today's pretrial
5  conference and do you waive that right?
6              THE DEFENDANT:  Yes, your Honor.
7              THE COURT:  And did you sign this consent form?
8              THE DEFNDANT:  Yes, your Honor.
9              THE COURT:  And do you agree that this conference can
10 proceed by video today?
11             THE DEFENDANT:  Yes, your Honor.
12             THE COURT:  Ms. Vogel, are there any further questions
13 you would like me to ask Mr. Jordan to confirm that he
14 knowingly and voluntarily waives his right to be physically
15 present in court today?
16             MS. VOGEL:  No further questions, thank you.
17             THE COURT:  Pursuant to Rule 10(b) of the Federal
18 Rules of Criminal Procedure, I find there to be a knowing and
19 voluntary waiver of Mr. Jordan's right to be present for
20 today's pretrial conference.  I will sign and date the written
21 waiver and enter it on the docket most likely later today.
22             So when we were last together on July 29, 2021,
23 Ms. Vogel I believe gave an overview of discovery, and then I
24 later granted a request to adjourn a discovery deadline because
25 I think she was waiting for instructions from defense counsel

as to how to produce discovery, and then we adjourned the next status conference a few times until today.  I believe the most recent letter from the defense indicated there were some discussions going on about a possible resolution.

So let me get a status update from the parties.  Maybe I will first confirm from Ms. Vogel, and assuming and understanding, of course, that the government's obligations are ongoing, has the government produced all discovery in its possession at this point?

MS. VOGEL:  Yes, your Honor.  The government completed its discovery production in October.  And obviously, if we learn of additional discovery, we will provide it.

We have been engaged in plea discussions primarily starting around January.  My understanding is that defense counsel intends to submit an application for deferred prosecution.  I believe I will receive that very shortly from defense counsel, but I have not yet received it.

And so what we are requesting today is to set a motion schedule but to set it far enough out that provides a sufficient time to consider the DP request and continue plea discussions, assuming if the DP is denied.

So I think the date that we had discussed is the end of June, and I think the date I would propose would be June 24, which is a Friday.  And in part because I'm scheduled to start a trial the following Monday, so the hope is that either this

1   case will be resolved by then or we will be proceeding on a
2   different track with motions and trial.
3           THE COURT:  And Ms. Vogel, your proposal then would be
4   defense motions due June 24?
5           MS. VOGEL:  That's right.
6           THE COURT:  And then given you're starting a trial the
7   following Monday, when do you propose your opposition?
8           MS. VOGEL:  I would request one month, given I have
9   the trial, which may last approximately two weeks.  And my
10  understanding is that I believe defense counsel consents to
11  that.
12          THE COURT:  Mr. Mazurek, let me turn to you.  First of
13  all, is there anything you wish to add to what Ms. Vogel said?
14  Do you agree with that plan?
15          MR. MAZUREK:  I agree with it all except her
16  assumption that the deferred prosecution application may be
17  rejected, but other than that, I agree with it all.
18          THE COURT:  And is it also right that you expect that
19  application for deferred prosecution to be finalized relatively
20  soon on your end?
21          MR. MAZUREK:  Yes, it will be submitted this week,
22  your Honor.
23          THE COURT:  Okay.  And understanding that your hope
24  would be there is no need for motion practice, if you were to
25  file motions, do you have a sense of whether they would be the

```
 1   type where an evidentiary hearing may be necessary?
 2           MR. MAZUREK:  Yes, there may be some Fourth Amendment
 3   issues with respect to the searches.
 4           THE COURT:  So let me propose this in terms of the
 5   motion schedule:  June 24 for any motion from the defense.
 6           July 22nd I believe would be four weeks.  Ms. Vogel,
 7   would that work on your end for an opposition?
 8           MS. VOGEL:  Yes, that should be fine, thank you.
 9           THE COURT:  Mr. Mazurek, would August 5 be good for
10   any replies on your end?
11           MR. MAZUREK:  I think that's fine, your Honor.
12           THE COURT:  And we should set a date for an
13   evidentiary hearing if there's one necessary.
14           Will the parties be -- I don't want to interrupt any
15   summer vacation plans -- available either the week of the 15th
16   or the week of the 22nd of August?
17           MR. MAZUREK:  Your Honor, from the defense,
18   unfortunately it's not vacation plans but we actually have a
19   trial scheduled to commence on August 23rd in the Eastern
20   District of New York, so the week before would be preferable.
21           THE COURT:  Ms. Vogel?
22           MS. VOGEL:  I'm available, thank you.
23           THE COURT:  Why don't we put down for an evidentiary
24   hearing, so we have a hold for it, August 17, it's a Wednesday,
25   at 2:00 p.m.  Does that work for the parties?
```

M3STJORC

1    MS. VOGEL:  Yes, thank you.

2    MR. MAZUREK:  Yes, for the defense.

3    THE COURT:  And if Mr. Jordan himself would be
4    testifying, I certainly would prefer it to be in person for him
5    rather than via Zoom, but again, given the way you describe the
6    motion, it may not be one in which he would testify.  But if
7    you do expect him to be testifying, unless conditions
8    significantly worsen, I do think it should be in person for his
9    testimony.

10    MR. MAZUREK:  Understood, your Honor.

11    THE COURT:  Now we could either have August 17 also
12    serve as our next pretrial conference -- now that's pretty far
13    in the future -- or we could schedule another status conference
14    before then.

15    I will start with the defense, is there a preference
16    on your end?  Understanding if a resolution is reached before
17    that date, just reach out to Ms. Henrich, the courtroom deputy,
18    and we will schedule a proceeding promptly.

19    MR. MAZUREK:  Your Honor, I think August 17 would
20    serve as an appropriate date, given the fact that we would be
21    able to advance the calendar if we needed.

22    THE COURT:  Understood.

23    Ms. Vogel, does that work on your end, too?

24    MS. VOGEL:  Yes, thank you.

25    THE COURT:  So unless something is scheduled earlier,

1  we'll be together on August 17 at 2:00 p.m.

2              Assuming that the report then is not that a

3  disposition is imminent, most likely on that date I will set a

4  trial date in this case, but it sounds like there will be

5  extensive discussions among the parties before then.

6              Ms. Vogel, let me also ask you, because Mr. Jordan is

7  not physically in this district, are you aware of any issues or

8  concerns from pretrial service in terms of compliance with bail

9  conditions or anything like that?

10             MS. VOGEL:  No, I haven't heard any concerns or

11 complaints from pretrial.

12             THE COURT:  Glad to hear that.

13             Are there any other matters we should address before I

14 ask if the government has an application?

15             From the defense?

16             MR. MAZUREK:  No, your Honor.

17             THE COURT:  Ms. Vogel?

18             MS. VOGEL:  No, I was going to say I would just like

19 to request to exclude time I guess until the date of our next

20 conference on the basis that this will allow the parties time

21 to complete the deferred prosecution process and their plea

22 discussions and for any motions to be filed.

23             MR. MAZUREK:  No objection.

24             THE COURT:  I will exclude time from today until

25 August 17, 2022, pursuant to Title 18, United States Code,

M3STJORC

1  Section 3161(h)(7)(A).  I find that the ends of justice served
2  by excluding such time outweigh the interests of the public and
3  the defendant in a speedy trial.  And those are the reasons
4  Ms. Vogel mentioned, including for the deferred prosecution
5  application to be finalized by the defense and submitted for
6  consideration by the U.S. Attorney's Office, for that review
7  process to be completed, for the parties to discuss any
8  possible resolution, and also for the defense, if necessary, to
9  prepare any motions and those motions to be briefed.
10             I believe that covers everything that we need to cover
11  this morning.  I hope everybody has been well, and I look
12  forward to seeing the parties again on August 17, if not
13  sooner.
14             Have a good rest of the day.
15             MS. VOGEL:  Thank you, Judge.
16             MR. MAZUREK:  Thank you, your Honor.
17             (Adjourned)