

*Jason Ser*
*Partner*
Direct (646) 539-3712
Fax (212) 655-3535
jis@msf-law.com

August 16, 2022

**VIA ECF**

Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street, Courtroom 12D
New York, NY 10007

  Re: *United States v. Dillon Jordan*, 21-cr-423 (JPC)

Dear Judge Cronan:

  We write regarding the above captioned case and to request an order making a specific finding pursuant to the CARES Act that this Court should conduct a remote plea hearing on a day and time to be determined that is convenient to the Court. Pursuant to plea negotiations, the parties have reached a disposition and Mr. Jordan is prepared to enter a guilty plea pursuant to a plea agreement. Mr. Jordan is on bond and resides in California. He is the primary caretaker for his father, who suffers from Polio, is paralyzed below his waist, and is wheelchair-bound. Mr. Jordan brings food and other necessities to his father's home several times a week. Mr. Jordan also prepares meals, cleans and performs maintenance at his father's home during those visits. In light of these caretaking functions, Mr. Jordan fears the COVID-19 exposure risks associated with airplane travel (in this case from Los Angeles to the New York City area). If Mr. Jordan is exposed to and becomes infected with the coronavirus, he would be unable to provide the care and assistance his father requires. Unfortunately, no other family members are available to assume this caretaking function.

  Pursuant to the CARES Act, for felony cases, "the district judge in a particular case [can] find[] for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, [and] the plea or sentencing in that case may be conducted by video teleconference, or by telephone conference if video teleconferencing is not reasonably available." Coronavirus Aid, Relief, and Economic Security Act, 116 P.L. 136, 134 Stat. 281 (enacted Mar. 27, 2020) at § 15002(b)(2)(A). Mr. Jordan has accepted the government's offer and wants to plead guilty pursuant to a negotiated plea agreement. In light of his vital caretaking role, however, he is concerned about traveling from the Los Angeles area to the Southern District of New York to enter his plea in person. According to the Los Angeles County Public Health Department as of August 8, 2022, the COVID-19 7-day daily average testing positivity rate

Hon. John P. Cronan
August 16, 2022
Page 2 of 2

---

(percentage of tests reported that are positive) is 11.86%.[1]  That positivity rate, though on the decline, is nearly four-hundred times greater than the positivity rate in Los Angeles in early May 2022.  Currently available 7-day positivity rates for the New York City area range from 6% in Manhattan, 7.6% in Queens, 2.7% in Brooklyn, and 8% in Westchester.[2]  Notwithstanding these positivity rates, the Centers for Disease Control (CDC) currently identifies the COVID-19 Community Level for New York County as high (on a low, medium and high scale).[3]  Based upon this data, Mr. Jordan's concerns appear well founded.

Delaying Mr. Jordan's ability to enter a guilty plea prejudices him because the extent of any delay to allow for safe travel is unknown.  It is unclear if and when COVID-19 cases will abate such that he can travel safely.  Moreover, though Mr. Jordan has indicated his acceptance of the government's offer, it is fair for the government to want him to enter a plea of guilty sooner than later.  The government has a set a deadline of this week for entry of the guilty plea and Mr. Jordan does not want to risk losing the benefit of the government's offer by further delay of his guilty plea.  Further delay also is harmful to the interests of justice because of the case's posture (a motion schedule is in place with motions currently due in approximately two weeks).

I have spoken with Mr. Jordan about his right to appear in person for any guilty plea, which he understands.  He consents to his plea proceeding occurring by video teleconference or by telephone conference if video teleconferencing is not reasonably available.

I also discussed the instant request and the basis for the CARES Act finding sought by Mr. Jordan with Cecilia Vogel, the Assistant United States Attorney in this case.  Ms. Vogel has no objection to the instant application given Mr. Jordan's particular circumstances and COVID-19 concerns.

          Respectfully submitted,

          /s/ JIS
          Henry E. Mazurek
          Ilana Haramati
          Jason I. Ser
          Meister Seelig & Fein LLP
          125 Park Avenue, Suite 700
          New York, New York 10017
          *Counsel for Defendant Dillon Jordan*

cc:  Counsel of record (*via ECF*)

---

[1] *Available at:* http://publichealth.lacounty.gov/media/Coronavirus/data/index.htm.

[2] *Available at:* https://coronavirus.health.ny.gov/covid-19-testing-tracker.

[3] *Available at:* https://www.cdc.gov/coronavirus/2019-ncov/your-health/covid-by-county.html.