```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA                                                :
                                                                        :
             -v-                                                        :    21 Cr. 423 (JPC)
                                                                        :
DILLON JORDAN,                                                          :    MEMORANDUM OPINION
                                                                        :          AND ORDER
                             Defendant.                                 :
                                                                        :
------------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

On February 9, 2023, this Court sentenced Defendant Dillon Jordan principally to a term of imprisonment of sixty months, to be followed by a three-year term of supervised release. Dkt. 48 ("Judgment") at 2-3; Dkt. 50 ("Sentencing Tr.") at 60:23-61:3. Defendant is currently incarcerated at Terminal Island FCI, with a projected release date of December 31, 2026. *See* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last visited April 17, 2025).

Defendant has moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), following recent amendments to the United States Sentencing Guidelines. Dkt. 75 ("Motion") at 1. Citing Amendment 821 to the Sentencing Guidelines, which went into effect on November 1, 2023 and applies retroactively, Defendant requests that the Court reduce his sentence by fifteen months. *Id.* at 1-3. For the following reasons, the motion is denied.

### I. Background

On September 1, 2022, Defendant pleaded guilty to conspiracy to violate the Mann Act, in violation of 18 U.S.C. § 371, pursuant to a plea agreement with the Government. Dkt. 35 ("Plea Tr.") at 38:24-39:9; Judgment at 1; Dkt. 74 ("PSR") ¶¶ 7-8. Between 2010 and 2017, Defendant operated a nationwide prostitution ring, which entailed him personally recruiting women to work

for him as prostitutes and organizing meetings between his clients and the women. PSR ¶¶ 13-14, 21; Plea Tr. at 34:3. Defendant also organized sex parties for his clients at which women working for him would engage in sex acts in exchange for money. PSR ¶ 18.

At sentencing, the Court determined Defendant's Sentencing Guidelines range to be 21 to 27 months' imprisonment, based on an offense level of 16 and a criminal history category of I. Sentencing Tr. at 12:13-13:9. Defendant had no criminal history points under the Guidelines at the time of sentencing. *See* Dkt. 41 (original Presentence Investigation Report) ¶ 60; Sentencing Tr. at 13:3-7. On February 9, 2023, the Court sentenced Defendant to sixty months' imprisonment, the maximum term of imprisonment under the statute of conviction, to be followed by a three-year term of supervised release. Sentencing Tr. at 60:23-61:3; Judgment at 2-3. The Court also ordered Defendant to forfeit $1,429,717 in proceeds traceable to the offense, and imposed a fine of $5,000, a mandatory special assessment of $100, and restitution in the amount of $49,683. Sentencing Tr. at 68:7-25; Judgment at 6-7; Dkt. 64 (forfeiture order); Dkt. 65 (restitution order). On September 9, 2024, a Satisfaction of Judgment was filed acknowledging Defendant's satisfaction of his fine, special assessment, and restitution obligations. Dkt. 73.

## II. Discussion

Title 18, United States Code, Section 3582(c)(2) provides that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(b)(1) of the Guidelines instructs that, "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, a court first "shall determine the amended guideline range that would

2

have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).  Section 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." *Id.* § 1B1.10(b)(2)(A).  If a court determines that a defendant is eligible for a sentence reduction, the court then "must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case.'" *United States v. Sarnelli*, No. 22 Cr. 116 (NRB), 2025 WL 268678, at *2 (S.D.N.Y. Jan. 22, 2025) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

### A. Amendment 821 Applies to Defendant's Sentence

"Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.G. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors." *United States v. Baez*, No. 19 Cr. 463 (DLC), 2024 WL 1250583, at *2 (S.D.N.Y. Mar. 22, 2024).

Defendant is correct that Amendment 821 applies in his case and he is a so-called "zero-point offender" for purposes of Section 4C1.1.  *See* Motion at 6-7.  As the Government agrees, Defendant had zero criminal history points at the time of his sentencing and he otherwise meets the criteria under Section 4C1.1(a).  Dkt. 41 ¶ 60; Sentencing Tr. at 13:3-7; PSR at 2-3; Dkt. 79 ("Opposition") at 1-2.[1]  Therefore, Defendant's amended advisory Guidelines range is calculated

---

[1] Section 4C1.1 excludes a defendant from eligibility for the two-level reduction if the offense of conviction is "a sex offense." U.S.S.G. § 4C1.1(a)(5).  The Government agrees that Defendant's conviction would not satisfy the definition of a "sex offense" under the applicable November 1, 2023 edition of the Guidelines Manual.  *See* Opposition at 2.  But the Government urges the Court to consider Amendment 830 to the Guidelines, which was included in the

3

based on an offense level of 14 and a criminal history category of I, which results in an advisory range of 15 to 21 months' imprisonment.

### B. The 18 U.S.C. § 3553(a) Factors Weigh Heavily Against a Sentence Reduction

Notwithstanding Defendant's eligibility for a sentence reduction, the Court concludes that the Section 3553(a) factors militate against reducing his sentence. These include, among other factors identified at sentencing, "the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). As the Court explained at sentencing, "[t]his was a very serious and wide-reaching offense, which had real victims who suffered tremendous harm." Sentencing Tr. at 50:13-14. Defendant's prostitution operation relied on the exploitation of young women, many of whom "endured permanent emotional and physical scars" due to his actions. *Id.* at 53:5-6.

---

November 1, 2024 edition of the Guidelines Manual and broadened the definition of "sex offense" under Section 4C1.1, as a pertinent policy statement in evaluating the Section 3553(a) factors. *See id.* at 2-3, 5-6. The Government "concedes that the November 1, 2024 Manual does not apply here to determine whether the defendant is eligible for a sentence reduction." *Id.* at 3. As the Court's disposition of the present motion does not hinge on its consideration of Amendment 830, the Court does not pass on this argument.

The Court also notes that Defendant was incarcerated in Cuba from 2002 to 2010 for "corruption of minors." PSR ¶¶ 12, 61. This foreign conviction does not count for purposes of calculating Defendant's criminal history under the Sentencing Guidelines. *See* U.S.S.G. § 4A1.2(h); Sentencing Tr. at 13:4-6 ("[Defendant] has a foreign conviction, but that does not come into play in calculating his criminal history under the guidelines."). At sentencing, however, the Court noted that the defense admitted that the Cuban conviction "arose from promoting a prostitution event in Cuba," and therefore considered it under certain 18 U.S.C. § 3553(a) factors. Sentencing Tr. at 57:8-58:1. The Court similarly considers Defendant's conviction in Cuba as relevant to its Section 3553(a) analysis for purposes of the pending motion. *See infra* II.B; *see also United States v. Jordan*, No. 23-6163-cr, 2024 WL 2764399, at *3 (2d Cir. May 30, 2024) (summary order) ("[T]he district court properly considered Jordan's prior conviction in Cuba under the Section 3553(a) factors, including the history and characteristics of the defendant, as well as the need for deterrence and for the sentence to promote respect for the law.").

4

In its opposition to Defendant's motion, the Government has attached a letter from one of these women, who is identified as Victim-1. Victim-1 explains that Defendant "created an environment of uncertainty, fear, and instability for the women that worked under him in order to facilitate dependence and compliance. He manipulated through his words and through illicit substances." Dkt. 79, Exh. A. She recounts an occasion when Defendant "forcefully pushed drugs into [her] mouth as [she] crawled on [her] hands and knees in the back of a vehicle," and explains that "[t]he work of healing has taken (and will continue to take) much longer than 60 months." *Id.* The Court considered at sentencing Victim-1's experiences as she relayed in a prior letter. Sentencing Tr. at 53:10-55:5. The victimization recounted by Victim-1 in that letter shocks the conscience. Dkt. 47, Exh. A (Victim-1 writing that Defendant "knowingly preyed upon the scared, insecure eighteen year old that [she] used to be—plying [her] with alcohol and drugs and placing [her] in a vulnerable situation that at the time felt optionless" and recalling "feeling scared out of [her] mind as [her] eyes rattled back and forth in [her] head from the drugs [Defendant] had quite literally pushed into [her] mouth").

Another victim, a woman identified as Victim-3, appeared in person at sentencing to relate her own harrowing experiences with Defendant and the devastating impact on her life. She explained that Defendant "coerced [her], manipulated [her], used his dark psychology to play a sick game." Sentencing Tr. at 42:21-22. Victim-3 spoke about how Defendant "spoonfed" her copious amounts of drugs, primarily methamphetamine, which has caused her permanent brain damage. *Id.* at 43:7-15. Victim-3 explained that her worldview has permanently been changed because of what Defendant did to her. *Id.* at 43:16-23.

The Court further remembers the powerful written submission offered at sentencing by Victim-4, a woman who was in a romantic relationship with Defendant. Victim-4 reported that Defendant forced her to work in his prostitution operation after he became unhappy that she was

5

not paying her fair share of bills. *Id.* at 55:25-56:14. Defendant's actions towards Victim-4, as reported in her submission to the Court, were "horrific." *Id.* at 56:13.

In support of his request for a sentence reduction, Defendant points to his "unblemished" disciplinary record and "exemplary" conduct while in custody, including his work as a unit orderly at Terminal Island FCI, as well as his satisfaction of many of the financial obligations imposed at sentencing. Motion at 11-15. The Court commends Defendant for his good behavior while incarcerated and for making progress on his financial obligations, but these facts are not sufficient to justify a sentence reduction given his egregious offense conduct and the attendant need for his sentence to reflect the nature and seriousness of the offense and to provide just punishment for his criminal activity.

Defendant further points to his completion of Bureau of Prisons programming, including certain evidence-based recidivism reduction programs like Anger Management Cognitive Behavioral Treatment and the Non-Residential Drug Abuse Treatment Program. *See* Motion at 15-25. Defendant contends that, in conjunction with this programming, he poses a low risk of recidivism due to his age and lack of criminal history. *Id.* at 25-26. Here too, the Court commends Defendant for participating in these programs. But the need for specific deterrence remains, given the drawn-out nature of Defendant's offense conduct and the failure of his prior lengthy incarceration in Cuba for "corruption of minors," PSR ¶¶ 12, 61, to prevent his commission of the criminal activity in this case. *See* Sentencing Tr. at 57:8-58:1. The Court continues to find a need for general deterrence in this case, as well. As the Court explained at sentencing, "[i]t's important that those who might be inclined to also exploit women for profit as prostitutes know that that conduct will entail serious consequences." *Id.* at 58:2-5.

Defendant also points to his challenging upbringing. Motion at 27. At sentencing, the Court acknowledged Defendant's "extremely traumatic and unstable upbringing," and considered

6

his personal characteristics and history in detail in evaluating the Section 3553(a) factors. *See* Sentencing Tr. at 58:6-59:1. Defendant further points to his "change in character" after he ceased involvement in illicit prostitution around 2016 or 2017. Motion at 27. The Court likewise considered Defendant's post-offense conduct at sentencing. *See* Sentencing Tr. at 59:2-10. Neither of these arguments therefore counsels the Court towards a sentence reduction, as Defendant's present sentence already contemplates this history and these personal characteristics.

The Court has considered all of Defendant's arguments and has weighed the factors set forth in 18 U.S.C. § 3553(a) including Defendant's amended Guidelines range of 15 to 21 months' imprisonment. The Court observed when imposing sentence that "[s]ometimes the range captures the offense, sometimes it overstates the offense. In this case, I believe that the guideline range of 21 to 27 months tremendously understates the seriousness of this offense and the harm caused to the defendant's victims." Sentencing Tr. at 60:3-7. The lower amended Guidelines range of 15 to 21 months in prison only further understates the seriousness of Defendant's offense. The Court reiterates its statement at sentencing: If it had the statutory authority to do so, the Court very well may have imposed a sentence higher than sixty months in prison. *Id.* at 60:16-18.

Thus, notwithstanding Defendant's post-incarceration conduct and the mitigating personal circumstances set forth in his motion, the Court concludes that a sentence reduction would result in a sentence that does not reflect the serious nature of Defendant's crimes and would fail to accomplish the goals of sentencing. The currently imposed sentence of sixty months' imprisonment is firmly supported by the Section 3553(a) factors and is "sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2). 18 U.S.C. § 3553(a). As Victim-1 wrote in her letter to the Court, "any less of a sentence would not be just." Dkt. 79, Exh. A.

### III. Conclusion

Defendant's motion for a sentence reduction is denied. The Clerk of Court is respectfully directed to close Docket Number 75.

SO ORDERED.

Dated: April 18, 2025
      New York, New York

                                                JOHN P. CRONAN
                                         United States District Judge